UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KEVIN WILLIAMS,

        Petitioner,                         Case No. 2:12-CV-334

v.

                                            HON. GORDON J. QUIST

CATHERINE S. BAUMAN,

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITIONER'S MOTIONS TO CONDUCT AN EVIDENTIARY HEARING AND TO REMAND TO EXPAND THE RECORD

On June 16, 2015, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that this Court dismiss Petitioner's petition for writ of habeas corpus with prejudice and deny Petitioner a Certificate of Appealability.  On July 2, 2015, the Court entered an order granting Petitioner an extension of time to file an objection to the R & R.  In accordance with the July 2, 2015 Order, Petitioner has now filed lengthy Objections to the R & R, a motion to conduct an evidentiary hearing, and a motion for remand to expand the record.

Petitioner raised the following claims:

1.     [Petitioner] was denied his Sixth Amendment right to counsel and a fair trial when his original lawyer "switched sides" and helped the prosecution convict him by arranging for another client to testify against him.  The replacement lawyer was ineffective for not objecting.

2.     In this assault prosecution, the prosecution improperly presented evidence of [Petitioner] Kevin Williams's other assaultive acts without providing the notice required by MRE 404(b), and without a non-propensity rationale for the evidence.  Trial counsel was ineffective for not objecting.

3.     Trial counsel was ineffective to [Petitioner] by allowing his due process right to a properly instructed jury be violated where the trial court failed to instruct on assault with intent to commit great bodily harm less than murder the necessarily included lesser offense of assault with intent to commit murder

    where the testimonies and evidence presented at trial did warrant the instruction even where the prosecution and trial counsel both requested it be read to the jury but failed to object to when it was not.

4. Trial counsel was ineffective by failing to file outcome determinative motions for expert witnesses and investigating right wrist injury defense as requested for by the Petitioner concerning medical reports from civil case (1:06-cv-619) and Dr. Lynch's MRI report, and Dr. Smiy's medical reports of wrist damages that was available and given to trial counsel by the Petitioner before the time of trial but social security/disability boards medical team and Law Judge Elizabeth Johnson's notice of decision concerning further damages was still under review that would have proven Petitioner's inability to commit the crime.

(R & R at 1–2; *see also* dkt. # 45 at Page ID##2361–62.)

After reviewing the Michigan courts' analyses of Petitioner's claims and applying the pertinent legal principles, the magistrate judge concluded that the state courts' rejections of Petitioner's claims were neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. (R & R at 9–10, 13, 15.) The magistrate judge also concluded that some claims were merely conclusory and without evidentiary support. (*Id.* at 16.)

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Petitioner's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Petitioner's petition should be dismissed with prejudice. The Court will also deny Petitioner's motion for an evidentiary hearing and his motion to expand the record.

Petitioner first argues that the magistrate judge erred in applying the AEDPA standard of review and, instead, should have applied *de novo* review because the state courts failed to review

2

Petitioner's claims on the merits. Petitioner's argument is frivolous, as a review of the R & R and the record shows that the state courts reviewed all of Petitioner's claims on the merits. The magistrate judge applied the proper standard of review.

Petitioner next argues that the magistrate judge erred in his characterization of Petitioner's first claim. The Court disagrees. The magistrate judge fully considered Petitioner's ineffective assistance claim from all angles—whether either his former counsel or his trial counsel was ineffective—and found that the state court properly determined that neither attorney's performance was deficient. Petitioner's reliance on the affidavit from his trial counsel, Sidney Tall (dkt. # 53-2), does not undermine the Michigan Court of Appeals' ruling because it does not establish that Petitioner's first counsel, attorney Blunier, had an actual conflict of interest that should have prompted attorney Tall to object. Pointing to various documents in the record, Petitioner now asserts that a conflict existed because attorney Blunier *must have* provided details that he obtained from his representation of Petitioner to Cliett to enable Cliett to testify against Petitioner and obtain a favorable sentencing recommendation. Because Petitioner did not raise this argument before the magistrate judge, the Court will not consider it now even if it has the discretion to do so. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").[1] In short, Petitioner has failed to show that the magistrate judge erred in recommending that claim 1 be denied.

Petitioner next argues that the magistrate judge erroneously concluded that his second claim is without merit because the state court and the magistrate judge relied on perjured testimony by

---

[1] Petitioner's argument would not withstand scrutiny if reviewed on the merits because it is based entirely upon speculation, without any proof that attorney Blunier actually provided information that he received while representing Petitioner to Cliett.

3

Cliett and Officer Bradley regarding threats that Petitioner made to Cliett and other prisoners. Perjured testimony was not the basis of Petitioner's claim 2; rather, it was the improper admission of MRE 404(b) evidence and counsel's failure to object to such evidence. Petitioner's objection essentially raises an entirely new claim, which appears untimely because it does not relate back to Petitioner's claims raised in his amended petition. *See Mayle v. Felix*, 545 U.S. 644, 657, 125 S. Ct. 2562, 2571(2005) (noting that newly added claims relate back to the initial timely-filed claims "only when the claims added by amendment arise from the same core facts as the timely filed claims"). Even if the claim were timely, it would lack merit because Petitioner's so-called evidence of perjured testimony—a screening opinion by Judge Neff in a prisoner civil rights case that Petitioner filed against the Cass County Sheriff's Department and others and a statement that Cliett was not currently housed where he would be in contact with Petitioner—provide no basis to show that Cliett and Officer Bradley perjured themselves in Petitioner's criminal case. Petitioner has failed to show that the magistrate judge erred in concluding that claim 2 should be dismissed.

Next, Petitioner argues that the magistrate judge erred by mischaracterizing claim 3. The Court disagrees. The magistrate judge's analysis shows that he construed Petitioner's claim as being that Petitioner's counsel was ineffective for failing to object to the trial court's failure to give an instruction on a lesser included offense. This was not error. Moreover, the magistrate judge correctly concluded that Petitioner has failed to show that counsel's failure to object was not trial strategy. As the trial court noted, Petitioner's counsel pursued an "all or nothing" strategy, maintaining that Petitioner never touched the knife. In light of the strong evidence of Petitioner's guilt introduced by the prosecution, such strategy was not objectively unreasonable.

With regard to his fourth claim, Petitioner contends that the magistrate judge erroneously concluded that the issue in Petitioner's social security case had no bearing on Petitioner's criminal case because the issue in the social security case was limited to whether Petitioner retained the

4

ability to perform gainful employment. The Court disagrees. An administrative law judge's opinion in social a security case normally contains a description of the claimant's impairments, but the focus in such a proceeding is on whether the claimant can work. The Court can say with some confidence that administrative law judges are never asked to consider whether a claimant's impairments would prevent him from violently assaulting others; nor do medical providers weighing in on how a claimant's impairments affect his ability to work opine on the claimant's ability to perform assaultive acts. The magistrate judge correctly observed that the administrative law judge's decision would not have addressed whether Petitioner was physically capable of performing the assaultive acts, and therefore would not have supported his wrist injury defense. Moreover, the Court concurs with the magistrate judge that Petitioner has not shown that counsel's decision not to pursue such a defense was objectively unreasonable, especially given that Petitioner has not presented an affidavit from any proposed expert who would have testified that Petitioner's medical conditions would have prevented him from stabbing the victims. Thus, Petitioner has not shown prejudice as a result of his counsel's alleged failure to investigate and/or present a wrist injury defense. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984) (to show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). As for the remaining portions of Petitioner's claim 4 and his claim 5—that the social security opinion is newly discovered evidence supporting habeas relief—the Court has reviewed the R & R and the record in light of Petitioner's Objections and finds no basis to reject the magistrate judge's recommendations regarding those claims.

 Petitioner has filed a motion for an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2254 Cases. "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to

5

determine whether an evidentiary hearing is warranted." Rule 8(a), Rules Governing Section 2254 Cases. In deciding whether to grant an evidentiary hearing, "a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitled the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940 (2007). The court must also keep in mind the deferential standards imposed by § 2254 in deciding whether to hold an evidentiary hearing. *Id.* A habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker*, 266 F.3d 442, 459–60 (6th Cir. 2001). In light of these considerations, and based on the Court's review of the R & R, Petitioner's Objections, and the record, the Court concludes that an evidentiary hearing is not warranted. Thus, the motion will be denied.

Petitioner has also filed a motion to expand the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases. Petitioner seeks to include in the record Judge Neff's screening opinion in *Williams v. Cass County Sheriff Department, et al.*, Case No. 1:09-CV-590 (W.D. Mich.), the prisoner civil rights case that Petitioner filed, and an affidavit of his trial counsel, attorney Sidney Tall. Petitioner's motion lacks merit. As explained above, Judge Neff's screening opinion in Petitioner's civil rights case merely sets forth the allegations in Petitioner's complaint. Petitioner's own allegations in a prisoner civil rights complaint cannot show that witnesses perjured themselves in Petitioner's criminal trial. Thus, the screening opinion is irrelevant to the issues Petitioner raises in his petition. Moreover, attorney Tall's affidavit is already in the record as part of the Rule 5 materials. (Dkt. # 21-8 at Page ID#1523.)

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*,

6

263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 16, 2015 (dkt. # 46) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED** and Petitioner's claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Conduct an Evidentiary Hearing (dkt. # 51) and Petitioner's Motion to Expand the Record (dkt. # 53) are **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is DENIED.

This case is **concluded**.


Dated: September 11, 2015                    /s/ Gordon J. Quist
                                             GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE